**UNITED STATES of America,**
**Appellee,**

v.

**Neema SHERPA, Defendant–Appellant.**

**Docket No. 00–1801.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 30, 2001.

Decided Sept. 7, 2001.

Andrew G. Patel, New York, NY, for Defendant–Appellant.

Miriam H. Baer, Assistant United States Attorney (Baruch Weiss, Assistant United States Attorney, of counsel; Mary Jo White, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Before CABRANES, STRAUB, and KATZMANN, Circuit Judges.

PER CURIAM.

Defendant Neema Sherpa timely appeals from a judgment of conviction entered on December 13, 2000 by the United States District Court for the Southern District of New York (Michael B. Mukasey, *Chief Judge*). Sherpa contends that his sentence should be vacated and the case should be remanded to the District Court for resentencing, because the District Court imposed Sherpa's sentence based on the mistaken belief that it lacked the power under U.S.S.G. § 4A1.3 [1] to depart below the 70 to 87 months of imprisonment range stated in the Guidelines for Criminal History Category I with an Offense Level of 27.

For the reasons set forth below, we hold, in conformity with U.S.S.G. § 4A1.3, that a downward departure below the lower limit of the applicable Sentencing

---

1. Section 4A1.3 provides in relevant part:
   If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.... A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.... There may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes.... *However, this provision is not symmetrical. The lower limit of the range for Criminal History Category I is set for a first offender with the lowest risk of recidivism. Therefore, a departure below the lower limit of the guideline range for Criminal History Category I on the basis of the adequacy of criminal history cannot be appropriate.*
   (emphasis supplied).

Guidelines range for Criminal History Category I on the basis of the minor nature of Sherpa's criminal history is not permissible. In addition, Offense Level points cannot be deducted under U.S.S.G. § 2D1.1(b)(6)[2] where Sherpa fails to satisfy the criteria for "safety valve" relief under U.S.S.G. § 5C1.2[3] due to his accumulation of three criminal history points.

## I.

Pursuant to a February 15, 2000 plea agreement, Sherpa pleaded guilty on March 8, 2000 to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1),[4] (b)(1)(B)(i),[5] and 846,[6] which carried a mandatory minimum sentence of five years of imprisonment. As new information about Sherpa's criminal history came to light, the original plea agreement was modified by a June 21, 2000 amendment. The modified agreement stated that under U.S.S.G. § 2D1.1(c)(5),[7] Sherpa's Base Offense Level was 30 because his offense involved approximately 780

---

2. Section 2D1.1(b)(6) provides:

   If the defendant meets the criteria set forth in subdivisions (1)-(5) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level determined above is level **26** or greater, decrease by **2** levels.

3. Section 5C1.2, the so-called safety valve provision of the Guidelines, provides:

   In the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in § 18 U.S.C. 3553(f)(1)-(5) set forth verbatim below:
   (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
   (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
   (3) the offense did not result in death or serious bodily injury to any person;
   (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
   (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defen-

dant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

   *See also* note 13, *post*.

4. Section 841(a)(1) provides in relevant part:

   Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance ....

5. Section 841(b)(1)(B)(i) provides in relevant part:

   Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows: ... In the case of a violation of subsection (a) of this section involving ... 100 grams or more of a mixture or substance containing a detectable amount of heroin ... such person shall be sentenced *to a term of imprisonment which may not be less than 5 years* ....
   (emphasis supplied).

6. Section 846 provides:

   Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

7. The Drug Quantity Table of § 2D1.1(c)(5) indicates that possession of "[a]t least 700 G

grams of heroin. However, the amended plea agreement also acknowledged a two-level decrease in Sherpa's Offense Level pursuant to U.S.S.G. § 3E1.1(a),[8] for Sherpa's acceptance of responsibility for his crime; and another one-level decrease under U.S.S.G. § 3E1.1(b),[9] for his timely notification to the government of his intention to plead guilty. This ultimately resulted in an Offense Level of 27. As for Sherpa's Criminal History Category, the updated plea agreement noted that Sherpa had accrued three criminal history points, amounting to a Criminal History Category of II. The amended agreement indicated that, pursuant to U.S.S.G. §§ 4A1.1(c)[10] and 4A1.2(a)(3),[11] Sherpa earned one point for his suspended ninety-day prison sentence and thirty-six months of conditional release on a prior drunk driving conviction. He collected two more points under U.S.S.G. § 4A1.1(d),[12] for committing the instant offense while on that conditional release. Taking Sherpa's

Offense Level of 27 together with his Criminal History Category of II, Sherpa was facing a sentencing range of 78 to 97 months of imprisonment. Additionally, Sherpa and the government agreed that "neither a downward nor an upward departure from the stipulated Sentencing Range [was] warranted, with the exception that the defendant reserve[d] the right to seek a downward departure on the ground that the defendant's criminal history category over-represents the defendant's likelihood of recidivism, which the Government reserve[d] the right to oppose." (Amended Plea Agreement at 3.)

At the sentencing hearing on July 19, 2000, the District Court granted Sherpa's request for a downward departure on the ground that Sherpa's Criminal History Category overrepresented his likelihood of recidivism, permitting Sherpa to be sentenced as if he fell within Criminal History

---

but less than 1 KG of Heroin (or the equivalent amount of other Schedule I or II Opiates)" corresponds with a Base Offense Level of 30.

**8.** Section 3E1.1(a) provides:

If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** points.

**9.** Section 3E1.1(b) provides:

If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by 1 additional level.

**10.** Section 4A1.1 provides in relevant part:

The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

(a) Add **3** points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c) Add **1** point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

(d) Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

**11.** Section 4A1.2(a)(3) provides:

A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c).

**12.** *See* note 10 *ante.*

Category I. This determination, which the government does not contest, reduced Sherpa's sentencing range to 70 to 87 months of imprisonment. Sherpa then inquired as to whether this departure to Criminal History Category I would make him eligible for safety valve relief under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f).[13] Safety valve relief permits the District Court to sentence below the statutory minimum for a given offense when certain criteria are met, including the requirement that the defendant not have more than one criminal history point as determined under the Sentencing Guidelines. U.S.S.G. § 5C1.2. All parties eventually recognized that even if the District Court agreed to sentence Sherpa as though he fell within Criminal History Category I, Sherpa still had three criminal history points, making him ineligible for the safety valve benefit. *United States v. Resto*, 74 F.3d 22, 28 (2d Cir.1996).

Seeking an alternative basis for a lower sentence, Sherpa filed a motion for a new departure on November 21, 2000. He argued that even if the District Court could not sentence below the mandatory minimum of five years' imprisonment, the District Court could "impose a sentence below the lower range for Criminal History Category I." Def.'s Mot. for Downward Departure, Nov. 21, 2000, at 5. In other words, Sherpa maintained that the Court could depart below the Guidelines range of 70 to 87 months and sentence Sherpa to the mandatory minimum of 60 months'

imprisonment. In support of this argument, Sherpa pointed to U.S.S.G. § 4A1.3, which discusses *upward* departures where "the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." Section 4A1.3 states that a sentencing court may upwardly depart when the defendant already falls in Criminal History Category VI, the highest category on the sentencing table. Sherpa urged the court to read "symmetry" into U.S.S.G. § 4A1.3—despite the fact that it has been explicitly omitted—arguing that a downward departure below the otherwise applicable Guidelines range for Criminal History Category I should be permitted based on Sherpa's insignificant criminal history, just as an upward departure is permitted under U.S.S.G. § 4A1.3 to account for an extensive criminal history. This argument was rejected by Chief Judge Mukasey, because he did not believe that the Guidelines empowered him to grant a departure below the applicable Guidelines range. He stated,

> Because of the policy statement that says that departures based on a defendant's criminal history category overrepresenting the likelihood of recidivism may not depart below level 1[,] I don't think I have the power to do that because ... one of two things ... happen if I depart further.... Either I am directly violating that policy statement or

**13.** Section 3553(f) provides in relevant part:
(f) Limitation on applicability of statutory minimums in certain cases.-Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sen-

tencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, *if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—*
(1) *the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines.*
(emphasis supplied).

else I am taking off the offense level points which I don't have the authority to do absent this qualification for safety valve departure which he doesn't have because he still has the points. For those reasons[,] I don't think I can do any better than a 70–month sentence. (U.S. Dist. Ct. Tr., Dec. 11, 2000, at 6–7.)

On appeal, Sherpa presses the same argument made before the District Court in support of his quest under U.S.S.G. § 4A1.3 for a downward departure below the applicable Guidelines range for Criminal History Category I. The government counters with the reasoning articulated above by the District Court.[14]

## II.

The District Court could have imposed a lower sentence in Sherpa's case only by (1) reducing Sherpa's Criminal History Category or (2) reducing the Offense Level. In this case, departure on either basis would have violated the Guidelines.

■ Sherpa's argument that the District Court had the authority under U.S.S.G. § 4A1.3 to depart downwardly is plainly contrary to the explicit language of that section. Section 4A1.3, termed a "Policy Statement," *see ante* note 1, permits a court to depart *upwardly*, even when the defendant falls in Criminal History Category VI, where the Criminal History Category inadequately reflects the seriousness of a defendant's past criminal conduct and likelihood of recidivism. U.S.S.G. § 4A1.3. "However, this provision is not symmetrical. The lower limit of the range for Criminal History Category I is

set for a first offender with the lowest risk of recidivism. Therefore, a departure below the lower limit of the Guidelines range for Criminal History Category I on the basis of the adequacy of criminal history cannot be appropriate." U.S.S.G. § 4A1.3; *see also Williams v. United States,* 503 U.S. 193, 201, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) ("Where, as here, a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applicable Guideline.").

■ Defendant's motion for a downward departure cannot be accomplished by reducing his Offense Level either. Sherpa could only qualify for a deduction of Offense Level points under U.S.S.G. § 2D1.1(b)(6) if he satisfied the criteria for safety valve relief under § 5C1.2. U.S.S.G. § 2D1.1(b)(6). Sherpa concedes that his accumulation of three criminal history points renders him ineligible for the safety valve benefit. *See Resto,* 74 F.3d at 22.

## III.

Accordingly, we hold that a downward departure below the lower limit of the applicable Sentencing Guidelines range for Criminal History Category I on the basis of the minor nature of Sherpa's criminal history is not permissible. In addition, Offense Level points cannot be deducted under U.S.S.G. § 2D1.1(b)(6) where Sherpa fails to satisfy the criteria for safety valve relief under U.S.S.G. § 5C1.2 due to his accumulation of three criminal history points.

14. On the day of oral argument before us, the government withdrew by letter to the Clerk of Court its other argument—that to the extent that Sherpa's motion seeks a downward departure by way of a reduction in his Offense Level, it violates the modified plea agreement, which only permitted Sherpa "to seek a downward departure on the ground that the defendant's criminal history category overrepresents the defendant's likelihood of recidivism ...." (Letter from Assistant U.S. Att'y Miriam H. Baer to the Clerk of Ct., Roseann B. MacKechnie of 8/30/01; Amended Plea Agreement at 3.)

The judgment of the District Court is affirmed.