**UNITED STATES of America, Appellee,**

v.

**Rigoberto GARCIA, Defendant–Appellant.**

**Docket No. 04–1251–CR.**

United States Court of Appeals, Second Circuit.

Oct. 6, 2005.

Laurie S. Hershey, Manhasset, N.Y, for Defendant–Appellant.

Deirdre A. McEvoy, Assistant United States Attorney (John M. Hillebrecht,), for David N. Kelley, United States Attorney for the Southern District of New York, New York, N.Y, for Appellee, of counsel.

Present: CALABRESI, KATZMANN and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Rigoberto Garcia ("Garcia") pleaded guilty on May 16, 2003 to all four counts of an indictment charging him with distributing and possessing with intent to distribute more than 50 grams of methamphetamine, and conspiring to do the same. *See* 21 U.S.C. §§ 841(a), (b)(1). He was sentenced to the mandatory minimum of 120 months imprisonment. Garcia appeals only his sentence.[1] He argues in principal part that, pursuant to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (*"Booker/Fanfan"*), and our court's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), his case should be remanded to allow the district court to apply "safety valve" relief, *see* 18 U.S.C. § 3553(f). We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

In determining that Garcia was ineligible for safety valve relief, the district court relied on the rule of *United States v. Resto,* 74 F.3d 22 (2d Cir.1996), in which we held that such relief is unavailable to a defendant whose criminal history category has been lowered by the sentencing court, as a discretionary matter, based on the minor nature of the defendant's offense. *Id.* at 28; *see also United States v. Sherpa,* 265 F.3d 144, 145–46 (2d Cir.2001) (per curiam). Garcia's claim that *Resto* must be re-examined in light of *Booker/Fanfan* rests on the premise that, because a court no longer is compelled to

---

**1.** Garcia raised an ineffective assistance of counsel challenge to his guilty plea in his opening brief to our court, but he withdrew this claim in his reply brief. *See* Reply Brief of Defendant–Appellant at 1–2.

apply the Guidelines in imposing a sentence, the Guidelines no longer bind the court's determination of a defendant's criminal history category for the purpose of granting safety valve relief.

But, in an opinion issued the day of the argument in the present case, a panel of our court rejected this contention. *See United States v. Barrero,* 425 F.3d 154 (2d Cir.2005). In that case, a defendant similarly made a Sixth Amendment challenge to mandatory application of the Guidelines to the determination of criminal history points under 18 U.S.C. § 3553(f)(1). We held that, because "[n]o portion of the defendant's punishment depend[ed] on facts, other than facts of prior convictions, that ha[d] not been authorized by a plea of guilty or a jury verdict," the right to a jury trial was not implicated. *Barrero,* 425 F.3d at 158.

Here, Garcia conceded in his plea proceedings the fact of his state court conviction, the fact that he was on probation when he committed the current offense, and the fact that the current offense involves more than 50 grams of methamphetamine. *See* Transcript of Plea Proceeding at 16, 20–22 (May 16, 2003). It is these facts that, under the relevant statutes, require that the district court apply the mandatory minimum, and not apply the safety valve. The district court was correct, therefore, to consider itself bound, under 18 U.S.C. § 3553(f)(1), to refer to the Guidelines in determining Garcia's eligibility for safety valve relief. *See Resto,* 74 F.3d at 28.

We have carefully considered all of Garcia's other claims and find them to be without merit. The decision of the district court is therefore AFFIRMED.