UNITED STATES of America,
Appellee,

v.

Marco VALVERDE–SOLANO,
Defendant–Appellant.

No. 07–1847–cr.

United States Court of Appeals,
Second Circuit.

Oct. 31, 2008.

Erik B. Levin, New York, NY, for Appellant.

Jason A. Jones, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief) for Benton J. Campbell, United States Attorney for the Eastern District of New York.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant Marco Valverde–Solano pleaded guilty to one count of conspiracy to commit money laundering, one count of money laundering, and one count of attempted money laundering, *see* 18 U.S.C. § 1956(a)(1)(B)(i), 1956(h), and was sentenced principally to a term of 70 months' imprisonment, at the bottom of his Sentencing Guidelines range. On appeal, he argues that the district court made several procedural errors in imposing this sentence, and that, as a result of these errors, the sentence imposed was substantively unreasonable. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In the aftermath of *United States v. Booker,* we review sentences for "reasonableness," 543 U.S. 220, 262, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "a deferential standard limited to identifying abuse of discretion regardless of whether a challenged sentence is 'inside, just outside, or significantly outside the Guidelines range.' " *United States v. Jones,* 531 F.3d 163, 170 (2d Cir.2008) (quoting *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). Our review proceeds in two steps: first we must "ascertain whether the sentence was administered without procedural error," *United States v. Williams,* 524 F.3d 209,

214 (2d Cir.2008); and second, if the sentence is "procedurally sound," we must "consider [its] substantive reasonableness," *Gall v. United States,* 128 S.Ct. at 597, by evaluating "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) factors supported" the sentence imposed, *id.* at 600. We identify neither procedural error nor substantive unreasonableness in this case.

Valverde–Solano first asserts that the district court misapprehended its obligation, under 18 U.S.C. § 3553(a), to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2), and that, instead, the district court "created its own standard" by attempting to discern a sentence that would not be "unduly severe." Appellant's Br. at 2. This argument is not supported by the record. During sentencing, the district court stated:

> As to the various factors urged by defendant to warrant a sentence pursuant to Section 3553(a) which is below that called for by the advisory guidelines, I am not persuaded that even in combination the evidence proffered supports the conclusion that a sentence in the advisory guidelines range is at all unduly severe to meet the requirements of the statute.

Sentencing Tr. at 21. Viewed in context, it is readily apparent that the district court's use of the phrase "unduly severe" is not indicative of a "misunderstanding of the legal standard," Appellant's Br. at 2. Rather, the court was simply responding to defense counsel's arguments regarding the reasonableness of a guidelines sentence in this case. Indeed, the district court went on to conclude, after reviewing

the arguments raised by defense counsel in support of a below-Guidelines sentence, "[i]n short, I am persuaded that in the circumstances of this case the advisory sentencing range is not out of the sphere but rather appropriate to meet the requirements of the statute." This is sufficient to demonstrate the district court's discharge of its consideration obligations under § 3553(a), *see United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005) ("[N]o specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to 'consider' matters relevant to sentencing."), including its consideration of the parsimony clause, *see Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2467, 2469, 168 L.Ed.2d 203 (2007).[1]

■ Second, Valverde–Solano asserts that the district court committed procedural error by refusing to consider his character and history, as required by § 3553(a)(1). He focuses specifically on an "extraordinary human ordeal, including kidnapping, death threats, and an attempt on his life" that he suffered at the hands of a paramilitary group while living in Colombia. Appellant's Br. at 14. The district court made the following statement on this subject:

> Nor will defendant's most unfortunate experiences with a Col[o]mbian paramilitary group mitigate for a more lenient sentence under the sentencing statute. First, as the government points out, *there is absolutely no evidence of any causal relationship between the experiences related in the defendant's criminal conduct in this case.* Rather, as the government observes, even after such

1. In connection with his parsimony clause argument, Valverde–Solano also maintains that the district court "failed to consider [his] cooperation with law enforcement as a factor under § 3553(a)(2)(A)." Appellant's Br. at

13. The record reflects, however, that the district court did, in fact, consider (and reject) the arguments raised by defense counsel regarding Valverde–Solano's cooperation. Sentencing Tr. at 19–20.

harrowing experience with a violent criminal organization he, nonetheless, decided to participate in laundering drug proceeds with undoubtedly violent drug dealers. Indeed, he also enlisted his wife to help.

Sentencing Tr. at 21–22 (emphasis added). Valverde–Solano contends that this statement demonstrated procedural error because it "grafted onto § 3553(a)(1) an additional nexus requirement not included in the statute." Appellant's Reply Br. at 5. We disagree.

While § 3553(a)(1) "is worded broadly," and "contains no express limitations as to what 'history and characteristics of the defendant' are relevant," *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir.2006),[2] Valverde–Solano misreads the law in suggesting that any time a district court explains why it determines that a purportedly mitigating aspect of a defendant's background does not support a below-Guidelines sentence, it has committed procedural error by imposing new statutory requirements. This argument is illogical, particularly when, as here, the district court's explanation simply states why it finds the background fact not to mitigate the crime. "[T]he requirement that the sentencing judge consider a § 3553(a) factor that may cut in a defendant's favor does not bestow on the defendant an entitlement to receive any particular 'credit' under that factor." *Id.* at 34. The court's ultimate sentencing responsibility is not to compensate a defendant for life's hardships or penalize him for lost opportunities viewed in the abstract. It is to "impose a sentence sufficient, but not greater than necessary," to conform to law. 18 U.S.C. § 3553(a). Thus, a dis-

trict court acts well within its discretion in acknowledging a background factor favorable to a defendant but explaining why it does not make a reduced sentence "sufficient" to do justice in the case.

Third, Valverde–Solano raises the related argument that the district court erred in stating that Criminal History Category I "already reflects the Commission's consideration of the likelihood that the defendant will recidivate." Sentencing Tr. at 21. He argues that his Criminal History Category does not reflect the findings of the Commission's 2004 report, entitled, *Measuring Recidivism: The Criminal History Computation of the Federal* Sentencing Guidelines,[3] which Valverde–Solano argued below demonstrate that he "will not re-offend." Letter from Joshua L. Dratel to Hon. Allyne R. Ross at 10 (Apr. 12, 2007).

Valverde–Solano's representation of the record is not entirely accurate. The district court did not "refuse to consider" the findings of the Commission's report, Appellant's Br. at 17; rather, the district court simply noted that the findings of the report "can[not] support the claim that Solano 'will not reoffend.'" Sentencing Tr. at 21. Similarly, insofar as a Criminal History Category I indicates that, under the Guidelines, Valverde–Solano was considered to be a "first offender with the lowest risk of recidivism," *United States v. Sherpa*, 265 F.3d 144, 149 (2d Cir.2001) (quoting U.S.S.G. § 4A1.3), the district court's statement was accurate. Finally, to the extent that Valverde–Solano is arguing that the Guidelines range calculated using Criminal History Category I is still "greater than necessary" under § 3553(a) given his low likelihood of recidivism, this

---

**2.** *See also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider

for the purpose of imposing an appropriate sentence.")

**3.** The report is available at http://www.ussc. gov/publicat/Recidivism_General.pdf.

argument was considered and rejected by the district court when it stated that "the advisory sentencing range is ... appropriate to meet the requirements of the statute." Sentencing Tr. at 22. Thus, no procedural error is apparent here.

Fourth, Valverde–Solano asserts that the district court erred in sentencing him to a term of imprisonment substantially greater than that imposed on his co-defendant and wife, Raysa Valverde–Tavares, who was sentenced principally to one year and one day in prison despite the court's acknowledgment that both had identical criminal histories and engaged in similar conduct. Appellant's Br. 23–27. Valverde–Solano cites no procedure that the district court failed to follow; he simply argues that such a disparity was "unwarranted." *Id.* at 23. While we have stated that remand may be appropriate where a "defendant credibly argues that the disparity in sentences [between co-defendants] has no stated or apparent explanation," *United States v. Ebbers,* 458 F.3d 110, 129 (2d Cir.2006), that is not the case here. The district court fully explained the reasons why it gave Valverde–Tavares a minor-role adjustment and a below-Guidelines sentence, *see* Valverde–Tavares Sentencing Tr. at 10–12, and why it declined to do the same for Valverde–Solano. Sentencing Tr. at 20–22.

Finally, to the extent that Valverde–Solano challenges the substantive reasonableness of his sentence, we are not persuaded that his Guidelines sentence falls outside the broad range of choices available to the district court. *See Rita v. United States,* 127 S.Ct. at 2464–65; *United States v. Jones,* 531 F.3d at 174.

The judgment of conviction is AFFIRMED.